UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLIE JACKSON,

    Plaintiff,

v.                          Case No: 2:18-cv-259-FtM-29MRM

STATE OF FLORIDA, KATHLEEN A. SMITH, Attorney, MIKE SCOTT, AND RICK SCOTT,

    Defendants.

_____

**OPNION AND ORDER**

On June 5, 2018, the Court dismissed Plaintiff's initial civil rights complaint filed in this matter pursuant to 28 U.S.C. § 1915A(b)(1) but granted Plaintiff leave to file an amended complaint. See Doc. #28. The Court now reviews Plaintiff's Amended Civil Rights Complaint (Doc. #32) and, as more fully set forth herein, finds the Amended Complaint is subject to dismissal pursuant to § 1915A(b)(1).

I.

Plaintiff, who is confined as a pretrial detainee in the Lee County Jail, files his Amended Complaint against the following defendants in both their individual and official capacities: Kathleen Smith, the Public Defender for the Twentieth Judicial Circuit, The State of Florida, Mike Scott, (former) Lee County Sheriff, and Rick Scott, (former) Florida State Governor. Doc. #32 at 2-3. The Amended Complaint alleges violations of Article

I, Section 9 of the U.S. Constitution, as well as violations of the Sixth, Fourteenth, and Eighth Amendments. Id. at 3. The Amended Complaint is disjointed and comprised of general conclusions of law. To the extent discernable, Plaintiff claims that Defendant Smith's Office violated Article I, Section 9 of the U.S. Constitution, by taking the title "Esquire." Id. at 5. According to Plaintiff, this title violates the U.S. Constitution's prohibition that "no title of nobility shall be granted by the United States." Id. In support, Plaintiff states that he "was kidnapped (arrested) and forced under contract to accept the privileges of an Esquire by Defendants or employees under the Defendants with a capitol bond-post consumer certificate." Id. at 7.

Plaintiff suggests that the "Defendants" "jointly conspire to deprive the Plaintiff of the legally recognized rights under color of state law," presumably because with Defendants permitted Defendant Smith to continue representing herself as an "Esquire." Id. at 5. As a result, Plaintiff contends the "Defendants" are without jurisdiction to prosecute him and he is being falsely imprisoned. Id.

Plaintiff also generally claims his "right to speedy trial, right to be free from excessive bonds, [and] right to effective assistance of counsel" are being violated. Id. at 6. As relief, Plaintiff asks the Court, *inter alia*, to "dismiss all state actions

against him in the criminal proceedings," and order each Defendant to pay him $12.3 million "for the time Plaintiff spent in their institution incarcerated." Id. at 7.

## II.

Because Plaintiff is a "prisoner"[1] and seeks to proceed *in forma pauperis*, the Court is required to review the Amended Complaint and "dismiss the complaint, or any portion of the complaint" if the Court finds that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or, alternatively "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); see also 28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915 where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327. In addition, where an affirmative defense would defeat a claim, it may be dismissed as frivolous. Clark v. Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

---

[1] Despite his pretrial detainee status, (see Doc. #32 at 4), Plaintiff is considered a prisoner for purposes of review under 28 U.S.C. § 1915A, as the term includes "any persons incarcerated or detained in any facility who is accused of . . . violations of criminal law . . . ." Id. § 1915A(c).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). That is, although a complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 47 (11th Cir. 2004). Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's

conduct and the constitutional deprivation. <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1059 (11th Cir. 2001); <u>Swint v. City of Wadley, Ala.</u>, 51 F.3d 988, 999 (11th Cir. 1995); <u>Tittle v. Jefferson County Comm'n</u>, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

III.

At the outset, no action may lie against the State of Florida or Governor Scott in his (former) official capacity because the Eleventh Amendment bars suits against the State brought by private citizens. <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 66 (1989); <u>McClendon v. Ga. Dep't of Comm. Health</u>, 261 F. 3d 1252, 1256 (11th Cir. 2001). Further, Defendant Smith's "title" as "Esquire" does not implicate the Emoluments Clause.[2] To the extent that the Amended Complaint attempts to articulate any other claim against Defendant Smith, the Amended Complaint fails to state a claim under § 1983. The Supreme Court has held that a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." <u>Polk County, et al. v. Dodson</u>, 454 U.S. 312, 325 (1981) (footnote omitted); <u>Hall v. Tallie</u>, 597 F. App'x

---

[2] The Emoluments Clause, U.S.C.A. Const. Art. I § 9, cl.8 provides:

> No Title of Nobility shall be granted by the United States: And no Person holding any Office of Profit or Trust under them, shall, without the Consent of the Congress, accept of any present, Emolument, Office, or Title, of any kind whatever, from any King, Prince, or foreign State.

1042, 1044 (11th Cir. 2015); Grinder v. Cook, 522 F. App'x 544, 547 (11th Cir. 2007). Consequently, Ms. Smith and the Public Defender's Office are not deemed state actors and no viable § 1983 claim is stated to the extent the Amended Complaint attributes liability to Ms. Smith or her Office in connection with their handling, or alleged mishandling, of Plaintiff's underlying criminal case.

The Amended Complaint is otherwise completely devoid of any facts against Defendants Governor Scott or Sheriff Scott in either their individual or official capacities. To the extent the Amended Complaint refers to these individuals by the generic use of term "Defendants," the Amended Complaint contains only purported legal conclusions. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Smith v. Owens, 625 F. App'x 924, 926 (11th Cir. 2015)(quoting Oxford Asset Mgmt., Ltd. V. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002)).

Plaintiff's request that the Court "dismiss all charges" or his claims that he has been subjected to excessive bail or denied a speedy trial are not obtainable through a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475. 487, 489 (1973). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of [her] confinement and seeks immediate or speedier release[.]" Heck v. Humphrey, 512 U.S. 477, 481 (1994).

Consequently, if Plaintiff wishes to bring an action based upon the Eight Amendment's prohibition against excessive bail or force the State to promptly bring him to trial, Plaintiff should seek relief via an individual pretrial habeas corpus petition pursuant to 28 U.S.C. § 2241 after he has exhausted his state court remedies. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 488 (1973) (holding that state petitioner "is entitled to raise a speedy trial claim" prior to trial to force the state to bring him to trial); Stack v. Boyle, 342 U.S. 1, 5-6 (1951)(The Eighth Amendment's prohibition on excessive bail is actionable in a pretrial habeas proceeding).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Amended Complaint (Doc. #32) is **DISMISSED**.
2. The **Clerk of Court** shall terminate any pending motions, enter judgment and close this file.

**DONE and ORDERED** at Fort Myers, Florida, this ___19th___ day of December, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:
Counsel of Record